Herman SYAIFUDIN, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–70912.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 24, 2008.

Filed Nov. 7, 2008.

Myers LLP, San Francisco, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Corey Leigh Farrell, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: W. FLETCHER and PAEZ, Circuit Judges, and DUFFY,* District Judge.

### MEMORANDUM **

Herman Syaifudin, a native and citizen of Indonesia, appeals the Board of Immigration Appeals' ("BIA") affirmance of the immigration judge's ("IJ") order denying his application for cancellation of removal. Syaifudin entered the United States on a visitor's visa in 1991, and has resided in California since his arrival. His son, Naufal, was born in 2000. After receiving a Notice to Appear, Syaifudin conceded removability, but sought cancellation of removal based on the claim that his removal would result in "exceptional and extremely unusual hardship" to his United States citizen child. The IJ denied Syaifudin's application for cancellation of removal and the BIA affirmed. Syaifudin argues that this court has jurisdiction to review the IJ's decision because the IJ applied the incorrect legal standard in her analysis of

Robert G. Berke, Los Angeles, CA, Thomas Patrick Brown, Esquire, Steven E. Conigliaro, Esquire, O'Melveny &

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

hardship and violated Naufal's Fourteenth Amendment right to equal protection.

We have jurisdiction to address Syaifudin's claim that the IJ applied the incorrect legal standard by failing to consider cumulatively the factors constituting hardship. *See Ramadan v. Gonzales,* 479 F.3d 646, 648 (9th Cir.2007). We do not have jurisdiction to review the Equal Protection claim because Syaifudin has not presented a colorable constitutional argument. *Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). Nor do we have jurisdiction to review the IJ's comparative analysis of Naufal's hardship, as this a discretionary determination by the IJ. *See* 8 U.S.C. § 1252(a)(2)(B); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 888 (9th Cir.2003).

We agree with Syaifudin that a cumulative analysis of hardship factors is required, and that lack of such analysis would constitute legal error. The IJ's decision in this case, however, makes clear that she *did* engage in that analysis. In her decision, the IJ specifically stated that after considering the factors cumulatively, she found that exceptional and extremely unusual hardship had not been established. Syaifudin argues that, despite the IJ's statement of the correct legal standard, she still failed to apply it. He argues that, because the IJ discussed each hardship factor individually, she did not consider the cumulative effect of the factors. There is no basis for the proposition that the IJ may not evaluate factors individually as part of her cumulative analysis. Nor are there guidelines that establish what the IJ must say in her decision to demonstrate that she has considered the aggregate impact of the hardship factors.

The IJ discussed the factors both in isolation and in combination with each other. For instance, the IJ discussed how Naufal's age, intelligence, and linguistic ability would affect his ability to obtain an education in Indonesia. She also discussed how Naufal's age, health, and family health history; the ability to obtain fresh food and milk in Indonesia; and the Indonesian health care system would affect his general health prognosis. It is evident from the IJ's decision that she weighed the factors both individually and collectively, and that considering all the relevant facts, she found that Syaifudin had not demonstrated exceptional and extremely unusual hardship.

On the basis of our determination that the IJ applied the correct legal standard, we deny Syaifudin's petition for review.

PETITION DENIED in part; DISMISSED in part.